IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TARA FORD, as court appointed
Guardian ad Litem for
VANESSA S.,

        Plaintiff,

v.                                                             Civ. No. 10-1253 JCH-ACT

ROSA HUNNICUTT, in her individual capacity,
KENNETH WALTER HUNNICUTT, in his individual capacity,
CHERYL DUNFEE, in her individual capacity,
ANN HOLMES, in her individual capacity,
SUSAN DRAKE, in her individual capacity,
REBECCA HAWES, in her individual capacity,
YOLANDA BRIONES, in her individual capacity,
ELENA VELASCO, in her individual capacity,
DEAN MCDOUGAL, in his individual capacity,
CHILDREN, YOUTH & FAMILIES DEPARTMENT,
and WILLIAM DUNBAR, in his official capacity
as Secretary of the New Mexico Children, Youth
and Families Department,

        Defendants,

**Consolidated with:**

TARA FORD, as court appointed
Guardian ad Litem for
VANESSA S.,

        Plaintiff,

v.                                                             Civ. No. 11-0033 JCH-ACT

ROSA HUNNICUTT, in her individual capacity,
KENNETH WALTER HUNNICUTT, in his individual capacity,
CHERYL DUNFEE, in her individual capacity,
ANN HOLMES, in her individual capacity,
SUSAN DRAKE, in her individual capacity,
REBECCA HAWES, in her individual capacity,
YOLANDA BRIONES, in her individual capacity,
ELENA VELASCO, in her individual capacity,
DEAN MCDOUGAL, in his individual capacity,
CHILDREN, YOUTH & FAMILIES DEPARTMENT,
and WILLIAM DUNBAR, in his official capacity
as Secretary of the New Mexico Children, Youth
and Families Department,

        Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Risk Management Division of the State of New Mexico's ("RMD") *Motion to Intervene* [Doc. 50]. The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that the motion should be GRANTED. RMD also filed a *Motion to Stay Proceedings* pending a decision on its Motion to Intervene [Doc. 85]. Because the Court now rules on RMD's Motion to Intervene, its Motion to Stay is DENIED as moot.

### BACKGROUND

Plaintiff Tara Ford serves as Guardian ad Litem for Vanessa S. ("Vanessa"). This case arises from Plaintiff's allegation that Vanessa was subjected to sexual abuse while living in a licensed foster home that later became her adoptive home, and that Children, Youth & Families Department ("CYFD") social workers failed to investigate or stop this abuse when they knew or should have known that it was occurring. The alleged actions of the CYFD Defendants are not relevant to this motion. Instead, it is only the alleged actions of Defendants Kenneth and Rosa Hunnicutt ("the Hunnicutt Defendants"), and the timing of those alleged actions, that bear on this motion.

RMD is an agency of the State of New Mexico, and it is responsible for expending money deposited in the public liability fund to defend, save harmless, and indemnify state agencies, public bodies, and public employees. NMSA §§ 41-4-20, 23(B). RMD has a duty to defend and indemnify a public employee when liability is sought for a tort or violation of a constitutional or statutory right allegedly committed while that public employee was acting within the scope of his or her duty. *Id*. § 41-4-4(B). Among those defined as public employees by the Tort Claims Act ("TCA") are "licensed foster parents providing care for children in the

custody of the human services department, corrections department or department of health." *Id*. § 41-4-3(F)(4).

At certain points material to the underlying Complaint, Kenneth and Rosa Hunnicutt were Vanessa's licensed foster parents while she was in the custody of the Human Services Department of New Mexico, and Plaintiff has sued the Hunnicutt Defendants for various torts allegedly committed by them while they were public employees and/or acting under color of state law. As a result, RMD is currently providing a defense for the Hunnicutt Defendants.

RMD is seeking to intervene in this matter for the purpose of obtaining a declaratory judgment clarifying the extent of its duty to defend, indemnify, or pay any judgment ultimately entered against the Hunnicutt Defendants in this suit. RMD contends that it is neither required nor authorized to defend, indemnify, or pay any judgment against the Hunnicutt Defendants related to conduct that occurred after Vanessa's adoption or that is contingent on the Hunnicutt Defendants' status as state actors. RMD argues that adoptive parents are not considered public employees under the TCA, and that the Hunnicutt Defendants were not acting under color of state law at any time material to the Complaint. RMD states that, if allowed to intervene in this matter, it will undertake an inquiry to establish the timing of the conduct alleged in Plaintiff's Complaint relative to the timing of Vanessa's adoption. *See* Doc. 50 at 3 n.1.

Although Mr. Hunnicutt initially opposed RMD's motion, he has since withdrawn that opposition. *See* Doc. 55. Thus, only Plaintiff currently opposes RMD's motion.[1]

---

[1] Unaware that RMD had agreed with Plaintiff that Plaintiff's response to the motion could be postponed pending a decision on qualified immunity, the Court initially granted RMD's motion on July 29, 2011 as it appeared to be unopposed. *See* Doc. 59. The Court later vacated its Order granting RMD's motion pursuant to an unopposed motion to that effect by RMD, which allowed Plaintiff the opportunity to fully state the basis for her objections. *See* Doc. 93.

**DISCUSSION**

RMD seeks to intervene of right, pursuant to Fed. R. Civ. P. 24(a)(2).[2]  In order to intervene in a case as a matter of right when a federal statute does not provide an explicit basis for doing so, a movant must make a timely motion that demonstrates three criteria: (1) the movant has an interest in the subject matter of the litigation that is direct, substantial, and legally protectable; (2) without intervention, the movant's ability to protect its interest may, as a practical matter, be impaired or impeded; and (3) the movant's interest is not adequately represented by the existing parties to the action.  Fed. R. Civ. P. 24(a)(2); *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 841 (10th Cir. 1996).

In her opposition to RMD's motion, Plaintiff does not appear to dispute that RMD's motion was timely filed, that RMD has a sufficient interest in the subject matter to support its intervention of right, or that its interest could be impaired or impeded by the disposition of the lawsuit.  Instead, Plaintiff's opposition rests on its contention that RMD's interests are already fully protected by the existing parties to the action.

Although the movant seeking to intervene in an action has the burden to show that representation of its interests by the existing parties may be inadequate, "this burden is 'minimal.'" *Coal. of Arizona/New Mexico Counties*, 100 F.3d at 844 (citation omitted).

---

[2] RMD initially proposed, as an alternate basis, permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).  *See* Doc. 50 at 2.  RMD has since acknowledged that its reliance on Rule 24(b)(2) is misplaced, and it no longer seeks to intervene on that basis.  *See* Doc. 91 at 9.  Because the Court concludes that RMD is entitled to intervene of right under Rule 24(a), it need not address whether RMD meets the requirements for permissive intervention on another basis.

Representation is considered adequate if the ultimate objective of the movant is "identical to that of one of the parties." *Id.* at 845 (citation omitted).  However, "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the [movant]." *Id.* (quoting *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)).  *See also Wild Earth Guardians v. United States Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009) ("[a]n intervenor need only show the *possibility* of inadequate representation.") (emphasis in original).

      Plaintiff argues that RMD's interests and Mr. Hunnicutt's interests align perfectly, such that RMD's interests are not at risk if it is not allowed to intervene.  She points to previous litigation involving Mr. Hunnicutt, based on allegations that he abused Vanessa's sister, Crystal, while both a foster parent and adoptive parent, and argues that the litigation strategy in that case is likely to mirror the strategy in this case.  In the previous case (in which RMD was allowed to intervene), Mr. Hunnicutt took the position that he was not acting under color of state law at any time, whether as a foster parent or as an adoptive parent, and therefore could not be considered a state actor for purposes of the § 1983 civil rights claims made against him.  *See* Doc. 90 at 11-12.  RMD has indicated that it seeks to intervene in part to seek a declaration that the Hunnicutt Defendants were not state actors at any time material to the Complaint in this case.  *See* Doc. 91 at 7.  RMD acknowledges that Mr. Hunnicutt's legal approach in the previous case "may give some hint as to the strategy he will adopt here" with respect to making an argument that he was not a state actor for purposes of § 1983 claims, but it asserts that Mr. Hunnicutt's strategy in this case is not set in stone and argues that it should be permitted to intervene because Mr. Hunnicutt may choose not to pursue the argument that he was not a state actor.  *Id.*

      Given that, in the previous suit, while represented by the same counsel as represent him

in this case, Mr. Hunnicutt argued strenuously that he was not a state actor at any time, and given that establishing he was not a state actor would be a complete defense to the 1983 claims against him, the likelihood that he will make the argument in this case is strong, and RMD has provided no reason to believe that Mr. Hunnicutt's representation on this particular issue will be inadequate.  Thus, if this were the only issue at stake, the Court would have greater pause about allowing intervention.  However, there is also the issue of challenging the timing of the alleged abuse, and RMD has sufficiently demonstrated that its interests may diverge from Mr. Hunnicutt's in this regard.

      Although both this case and the previous suit involve allegations that Mr. Hunnicutt abused his victims while a foster father and an adoptive father, a significant distinction exists between the two cases.  At the time of the initial case, brought by Vanessa's sister, Crystal, Mr. Hunnicutt had already admitted to abusing Crystal after he became her adoptive father, and he had already been convicted of a series of charges stemming from his admission to that conduct. *See* Ex. B, attached to Doc. 90, at 8.  He never made any admission relating to abuse occurring prior to Crystal's adoption, and had never been criminally charged for any actions taken while he was Crystal's foster father.  Thus, Mr. Hunnicutt's attorneys had a strong interest in fighting to limit Crystal's causes of action to conduct occurring after the adoption, the conduct to which Mr. Hunnicutt had already admitted, because an admission or finding that he had engaged in abuse while a foster father could have opened him up to further criminal prosecution.  *Id*. at 8-9. Therefore, in the previous case, RMD's interest in limiting the timing of the alleged abuse to a post-adoption period (which would prevent it from having to indemnify Mr. Hunnicutt) was directly aligned with Mr. Hunnicutt's interest.

      Conversely, in this case, while RMD still has an interest in limiting the timing of the

6

alleged abuse to a post-adoption period, Mr. Hunnicutt no longer has an interest in challenging the timing of the allegations. If anything, Mr. Hunnicutt has an interest opposite to that of RMD concerning timing, because RMD has the obligation to defend and indemnify him for any abuse that occurred while he was a foster father. Thus, RMD has met its minimal burden to demonstrate that its interests in substantiating the timing of the allegations in the Complaint may not adequately be represented by Mr. Hunnicutt, and it should be allowed to intervene.

Plaintiff has expressed concern that she will be prejudiced if RMD is allowed to intervene. She alleges that, if allowed to intervene, RMD could file a motion against Mr. Hunnicutt, seeking a declaratory judgment that it has no obligation to defend him on the § 1983 claims because he was not a state actor. *See* Doc. 90 at 21. Because Mr. Hunnicutt may also argue that he was not a state actor, Plaintiff is concerned that, if RMD files such a motion, Mr. Hunnicutt would have no incentive to oppose the motion, and Plaintiff would be without recourse to make her argument that Mr. Hunnicutt was, in fact, a state actor. *Id*. Such concerns, while logical in the abstract, are unfounded in this case. If RMD files a motion seeking a declaratory judgment on the question of whether Mr. Hunnicutt was a state actor, Plaintiff will have every right to respond to such a motion and to participate in litigating the issues therein. *See, e.g.*, *Macneilage et al. v. Young et al.*, Civ. No. 07-841 RHS/WDS at Doc. 159 (Plaintiffs' Response to RMD's motion for partial summary judgment on state actor question); *Soto v. Galvan*, Civ. No. 06-738 WFD/LFG at Doc. 83 (Plaintiff's Response to RMD's motion for summary judgment).

## CONCLUSION

**IT IS THEREFORE ORDERED** that RMD's *Motion to Intervene* [Doc. 50] is GRANTED and that its *Motion to Stay Proceedings* pending a decision on its Motion to

Intervene [Doc. 85] is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE